John McGonigle, Appellant, v. James P. Canty, Respondent.

*Personal injuries from a falling tree — act inherently dangerous — conflict of testimony.*

Upon the trial of an action brought to recover damages for personal injuries it was shown that the plaintiff was at work for the defendant on the foundation of a building within three feet of which was a tree forty feet high. While the defendant, who was a builder, was supervising the work of cutting down the tree started by his foreman, the tree fell, striking and injuring the plaintiff. There was no evidence to show that the direction in which the tree fell was due to any negligence on the part of the workmen who cut it down. On appeal from a judgment of nonsuit,

*Held,* that the nonsuit was improperly granted, as the jury might have found the act itself to have been inherently dangerous to persons who were near the tree, and that ropes or other appliances should have been used;

That testimony of the defendant, to the effect that he gave warning to his workmen some minutes before the tree fell, and the plaintiff's denial that he received any word in regard to the same until the tree was actually falling, should have been submitted to the jury.

SECOND DEPARTMENT, JULY TERM, 1894. '          [Vol. 80.

APPEAL by the plaintiff, John McGonigle, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 26th day of March, 1894, upon the verdict of a jury, directed by the court, after a trial at the Westchester Circuit, dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 31st day of March, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*C. H. & J. A. Young,* for the appellant.

*M. J. Keogh,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered in favor of the plaintiff on a nonsuit at Circuit. The action was brought by a servant against his master for personal injuries. The defendant was a builder engaged in the erection of a house, the plaintiff a mason in his employ. The plaintiff was at work on the foundations of the building, which were nearly completed. A tree stood so near the foundation that it became necessary to cut it down. When cut it fell partly on the foundation and the plaintiff was injured.

We think that the complaint should not have been dismissed. The tree was some forty feet high and stood within three feet of the foundation. The defendant was present, and there was evidence to show that he was personally supervising the work of cutting down the tree, though that work had been started by his foreman. There is no evidence to show that the direction in which the tree fell was due to any negligence of the workmen who cut it. It was, therefore, not the case of negligence by a co-servant. But we think that the act itself was inherently dangerous to persons who might be near the tree, or, at least, that the jury might have so found, and might also have found that appliances, such as ropes, should have been used, and that the men at work on the foundation should have been warned and called off before the tree was about to fall. The defendant testified that he did give such warning some minutes before the tree fell, but the plaintiff denied that he received any word until the tree was actually falling. We think that these facts made a case for the jury.

The judgment appealed from should be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.